PER CURIAM.
|2The State of Louisiana seeks review of the trial court’s decision to allow the defen *702 dant to post a portion of the bail by an unsecured personal surety. Because the defendant was arrested and is being held for crimes of violence, we find error in the trial court’s setting of bail.
Defendant, Chelsea Daigle, was arrested for first degree murder, a violation of La. R.S. 14:30, and armed robbery, a violation of La. R.S. 14:64. No indictment has been issued. The defendant filed a motion for preliminary examination and a motion for a bond hearing. After a hearing on the defendant’s motions, the trial court found no probable cause for first degree murder, but found probable cause for second degree murder.[1] The court did not rule on the issue of bail at that time.
The defendant subsequently filed a supplemental motion for bond. In the supplemental motion, the defendant informed the court that she had been accepted into a long-term residential trauma and substance abuse treatment program for women. The defendant requested that bail for the armed robbery be set at $2,000.00 and for the second degree murder at $3,000.00. On May 7, 2013, the court set bail in the amount of $100,000.00 of which $80,000.00 is an unsecured personal surety by the defendant’s mother and $20,000.00 is a commercial surety, with the requirement that the defendant be enrolled in the treatment facility and be monitored.
In 2008, the legislature enacted La.Code Crim. P. art. 334.2 to prohibit a person arrested for a crime of violence from being released on his own recognizance. As amended in 2010, article 334.2 provides, “Notwithstanding any other provision of law to the contrary, any defendant who has been arrested for | ^domestic abuse battery or for a crime of violence as defined in R.S. 14:2(B) shall not be released by the court on his own recognizance or on the signature of any other person.” Second degree murder and armed robbery are crimes of violence. See La.R.S. 14:2(B)(3) & (2Í).
An unsecured personal surety is defined as “a personal surety where the surety meets all the qualifications of law and lives and resides in the state of Louisiana without specifically mortgaging or giving a security interest in any property as security to guarantee the surety’s performance.” La.Code Crim. P. art. 317. A court may sign an order releasing a defendant on an unsecured personal surety bond. La.Code Crim. P. art. 317.
In the instant case, the trial court erred in setting the defendant’s bail in the manner stated above. The defendant was arrested for crimes of violence, and the trial court’s bail determination will allow the defendant to be released (as to $80,000.00) on the signature of her mother. Article 334.2 prohibits the trial court from releasing an arrested person under these circumstances.
Accordingly, the State of Louisiana’s application for supervisory writs is GRANTED. The trial court’s ruling, granting the defendant’s motion for bond, is hereby vacated and the matter is remanded to the trial court for further proceedings, including redetermination of appropriate bond.

. Probable cause for the armed robbery charge was not at issue at the preliminary examination.